804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur Lee HUNTER, Plaintiff-Appellant,
v.
Frank DOLLING, Chief of Police; Police Officer Gentry,
Defendants-Appellees.
 No. 86-6697.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 10, 1986.
Decided Oct. 29, 1986.
 
 Arthur Lee Hunter, appellant pro se.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Arthur Hunter appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. Hunter asserts that his constitutional rights were infringed upon by the defendants' acts which led to his false arrest and unlawful conviction. The district court determined that Hunter's allegations challenged the validity of his conviction. Based on this finding, the court indicated that Hunter must exhaust his state remedies prior to initiating proceedings in the federal court. The court concluded that Hunter failed to exhaust his state remedies and therefore dismissed the action as frivolous. We affirm.
 
 
 2
 Section 2254(b) of Title 28 requires that petitioners who wish to challenge their convictions exhaust state remedies prior to proceeding in federal court. Preiser v. Rodriguez, 411 U.S. 475 (1973). Petitioners who attack the validity of their conviction but nevertheless bring suit under 42 U.S.C. Sec. 1983 and request monetary relief are still required to exhaust their state remedies. Hamlin v. Warren, 664 F.2d 29, (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Hunter alleges that a police officer illegally searched and seized his personal items, wrongfully arrested him and falsely testified against him. Hunter further asserts that the chief of police knew or should have known of the officer's actions. Hunter concluded that as a result of the acts of these officers he was falsely imprisoned.
 
 
 3
 Based on the aforementioned authority, it is apparent that Hunter is not complete until the claims have been presented to the Supreme Court of Virginia, the highest court with jurisdiction in this matter. Hunter indicates that his claim was submitted to the circuit court in Richmond, and he concedes that he is still in the process of exhausting state remedies.
 
 
 4
 As exhaustion was necessary in this case and has not been completed, we affirm the decision of the district court dismissing the action without prejudice. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.